This case today is 4-17-0581 and 0-8-2-6. People of the State of Illinois v. Dennis Kendall. For the appellant, we have Ms. Lassie. And the affiliate, Ms. Brooks. Ms. Lassie. May it please the Court. Thank you. My name is Jennifer Lassie and I represent the defendant appellant, Mr. Dennis Kendall. I would like to first address the arguments in Mr. Kendall's appeals from the first stage dismissal of his post-conviction petition, and then the arguments regarding the motion to amend the limits. The trial court erred in dismissing Mr. Kendall's petition at the first stage of proceedings. At the first stage, post-conviction petitions may only be dismissed if they are frivolous or passively without merit. At the first stage, they must be construed liberally, and petitioners are not required to demonstrate, prove, or show a constitutional violation. Mr. Kendall alleged an arguable constitutional violation when he argued that it was not his right to effective assistance of appellate counsel, where his appellate attorney failed to raise the self-defense instruction that had been fully preserved in the trial court. The circuit court dismissed his petition and found it to be without merit because, like the trial court, when it denied the self-defense instruction request, it erroneously found that discharging the gun and causing grave bodily harm was a significant enhancement and not an element of the offense. The state in its brief not only jumps to the ultimate conclusion of whether Mr. Kendall's petition was successful, but it also relies on the trial court's erroneous ruling regarding discharge being a significant enhancement and not an element of the offense. And if you look at this court's decision in People v. Nylon cited in the briefs, as well as the charging statute, Section 33a.2, it's clear that discharge of the gun is an element of the offense and should have been included in the instruction. So the trial court's denial of the self-defense instruction request prejudiced Mr. Kendall, where he was acquitted on the other charges where the jury received self-defense instructions. He was acquitted on those charges. He was not acquitted on the armed violence charge, where the court denied that request for that instruction. And arguably, appellate counsel was ineffective for failing to raise that issue on appeal, where it was when self-defense instruction was requested during jury instruction offerings, and then it was brought up again in the post-trial elections, and the jury concurred. The state seems to concede as much in its brief, where it says on page two, That, to me, is a concession that shows that this should have advanced to second stage proceedings under the Post-Conviction Hearing Act, and counsel should have been appointed. I think it's a pretty clear issue, and unless your office has questions, I'll address the other appeals regarding the motion to amend the minimum. In Mr. Kendall's other appeal, 0826, he asked the trial court to amend the minimum so that it would reflect the correct statutory citation under which he was actually convicted. He was not seeking to change a judgment or alter one. He was simply seeking to correct an erroneous one. He was convicted under Section 33A2A, but the minimus incorrectly states that it's under 33A2C. It's clear that 33A2A is the correct citation that should be on the judgment. It's not there. He was given a 22-year sentence. The minimum for a sentence under 33A2C is 25. So it's clearly got the incorrect citation there. Why was relief not given on that request, then? So the trial court denied that request with no explanation whatsoever. So that was the only issue he raised in Appeal 0826. That was the only thing that was brought before the trial court. This is not a new issue on appeal. That was the only thing raised in that filing. The trial court denied it without explanation. The state argues that this court lacks jurisdiction to address that, and the state cites to a Texas case to argue that the denial of a motion to amend a judgment non-proton is not a final and appealable order, and argues that this court should dismiss the appeal. However, it is longer than the law in Illinois that an order can be corrected non-proton at any time, and that is to correct an order to reflect what actually occurred. The case law is clear. Non-proton orders are final and appealable orders, as cited in the briefing. The 1999 Fresno case establishes that. The 2009 Hollister case shows that trial courts retain jurisdiction to correct insubstantial matters, such as amending amendments. So the case law is clear on this. Now, Illinois Supreme Court Rule 472 was passed while this case was pending on appeal, and it says that circuit courts retain jurisdiction to correct clerical errors, and that a court's ruling on such a matter is a final and appealable judgment. However, I believe that rule has no effect on the present appeal, where he was merely seeking to correct a judgment to reflect the correct statutory citation under which he was convicted. The issue was raised below. It's not a new issue on appeal, and this court does have a fellow jurisdiction to address it. I want to go back to the first issue. Yeah. And to be clear, the claim made is that appellate counsel was ineffective, not that trial counsel was ineffective. Is that right? That's correct. Because trial counsel did request that self-defense instruction and argued strenuously for it pre-trial or even post-trial. But trial counsel acquiesced to the instruction that was actually given, right? No, Your Honor. I believe he requested self-defense instructions on both the attempt murder charges as well as the armed violence. And the court was going to give the self-defense instruction on all charges, it seemed, up until the jury instructions conference, and the court changed course and denied the request for self-defense on armed violence. And that was because the court was under the mistaken impression that armed violence did not have an element regarding due support. And I'm sorry, I may not have been tracking as you were speaking. The jury was actually instructed as to 33A-2A, which is the form of armed violence that did not require proof that defendant discharged a firearm. Is that right? That's correct. Okay. I'm sorry. Did defense counsel, trial counsel, object to that? Or was that instruction given without objection? I believe that... So... I believe that counsel... I believe there was confusion below. Because during the jury instruction conference, counsel requested self-defense instruction. And the way the argument played out before the court, the state argued there's no use of force. The discharge of a firearm is a sentencing enhancement. So perhaps trial counsel could have argued more strenuously with that respect. But to me it seems like there was confusion. The state was confused and the court was confused as to whether discharge involving harm was an element or sentencing enhancement. And that's how we ended up with the instruction under 33A-2A. Well, we know how the jury was instructed. And the jury was instructed according to Section 33A-2A, the form of armed violence that didn't require proof of discharge of a firearm. And then the question in my mind becomes, did defendant object to that? Because that form of the offense would be incompatible with a self-defense, affirmative defense, correct? That's correct. And so that might be something... That might be something that could come up at second stage proceedings. But at this point, we're only at the first phase dismissal. Well, how does that even present an arguable claim of prejudice if trial counsel engaged in a course of conduct by acquiescing to that jury instruction, which then negated any possible self-defense, affirmative defense? So, and that... I understand what you're saying. So, in order for him to ultimately succeed, we'd have to also allege trial counsel ineffective perhaps for... Well, I thought you were alleging that. You're saying appellate counsel was ineffective for failing to point out trial counsel's acquiescence in that instruction, right? So... Isn't that in part your argument? Yeah, that's in part the argument. Also, if trial court... If the trial attorney acquiesced, the appellate attorney should have pointed that out. Right. And instead, the appellate court didn't and went a different appellate court. Appellate counsel went a different route, and that's why you're here today. That's correct. And again, this is a petition drafted by a pro se litigant, an inmate with very little legal knowledge, and at the first stage, all he must do is allege the gist of a constitutional claim. And perhaps, if this had been his trial... Going back to Justice Turner's comments, I... Correct me if I'm wrong, but the claim on appeal is that... The claim being made in trial court, now on appeal, is that appellate counsel was ineffective for failing to argue that trial counsel failed to allege the trial court erred in denying the self-defense instruction. That doesn't relate to trial counsel's acquiescence in the courts instructing the jury as to Section 33A-2A, does it? So, yes, I think what... I think the problem is, ideally, a pro se... Or ideally, the post-conviction petition would have alleged all of the levels, right? We would have alleged appellate counsel ineffective, and we would have given the exact legal basis for why he was ineffective, which would have been for failing to raise the self-defense instruction issue on appeal, and perhaps other claims might have been included regarding trial counsel's failures and what he could have done differently below. However, this was only at the first stage. So, well, if it had proceeded to the second stage, as it should have, an attorney would have been appointed who could have fully fleshed out these claims to address all of these issues that Your Honors are bringing up. I think that's what would happen at the second stage. But we are just at the first stage where Mr. Kendall was only required to allege an arguable constitutional violation, just the gist of a claim. And I believe he did that with his plea. And on appeal, what we're showing is that he met those requirements. He alleged the gist of a constitutional claim by arguing that appellate counsel was ineffective for failing to raise the self-defense instruction. Appellate counsel did not address it whatsoever. And if appellate counsel had raised the argument that if a proper instruction had been given, which included all the elements and which incorporated the self-defense instruction, then Mr. Kendall arguably would have been acquitted, had that proper instruction with all of the elements and self-defense instruction been given. I think we addressed that in a reply brief. Perhaps it wasn't as clear in the opening. But our position is that if a proper instruction had been given that incorporated all of the elements, along with the self-defense instruction, it would have made a difference in the outcome here. And again, Mr. Kendall doesn't have to prove that or demonstrate that at the first stage. He just has to show that he has an arguable claim. So did I answer Your Honors' question? Thank you. I have a question for you. Was this instruction read to the jury? And this is a quote. The state has alleged that during the commission of the offense of attempt first-degree murder of a peace officer and armed violence, the defendant personally discharged a firearm that approximately caused great bodily harm to another person. Was that instruction read to the jury? Was that instruction given to the jury? Is that what you said? I'm sorry. Yeah, given or read by the judge, whichever way you want to say it. I believe that one was. Is that inconsistent with the issue instructions given to the jury with regard to armed violence? Yes. So the jury, I definitely think there were other issues with these jury instructions that were not brought up in the pro se petition. So there are other potential problems with the jury instructions. However, the jury was instructed on attempt first-degree murder and attempt first-degree murder of a peace officer. And those instructions incorporated self-defense into them. And Mr. Kendall was acquitted on those charges. The armed violence charge, there was no incorporation of self-defense into those instructions. And why not? Because the trial judge said that the state didn't charge the discharge of a weapon causing great bodily harm. Isn't that right? So the trial court didn't say that the state didn't charge it that way. The state did charge it that way. The trial court, though, made its decision because it found that the state did not charge it that way. Is that correct? I don't believe so. My understanding of the record is that the state did charge it that way. That's what I just said. No, I understand. And the trial court understood. Okay, let me try it another way. What did the state charge in its information? In its information, the state charged under 33A2C that Mr. Kendall discharged a firearm and caused harm to Officer Hessey. Stop there. In denying the self-defense instruction, the trial court said that the state did not charge it the way that you just stated. Correct? I'm trying to help you here, counsel. No, I understand. The answer is a yes to that. Can I clarify? I guess. Okay, thank you. My understanding is that the trial court knew what the charge was and understood the way it was charged, but that the trial court misunderstood and separated it out into a sentencing enhancement. So it seemed to me that the trial court saw the charging document and said, this isn't something that is an element of the offense, it's a sentencing enhancement. A sentencing enhancement that would apply to attempt murder but not to harm violence? Is that what you're saying? Yes, Your Honor. The state and the trial court were very confused that the discharge of a firearm was – they were very confused on this point. And maybe that's why my argument seems unclear. The state and the trial court were under the impression that the discharge and bodily harm was not an element of the offense to be proven and was only a sentencing enhancement. And so that's why there's a lot of confusion with those instructions. You say the state was confused? Yes, Your Honor. They already knew that it was a sentencing enhancement. I assume they read their own information. I don't understand how they could have been confused, but that's your argument, okay. It cites the statute. It cites the language, approximately causing great bodily harm. It even cites the 25-year to 40-year sentence. That's correct. And I don't understand how it played out as it did below. But during the jury instructions conference, you can see that the state and the trial court are both very confused about whether this is an element or not. And even though it is in the charging instrument, the charging instrument cites A2C, and it's on page C28 of the record. It says he committed the offense of armed violence and that he personally discharged a firearm that approximately caused great bodily harm to Officer Hessey. And that's C28. So it was charged under Section A2C. That was in the charging instrument. That's how they proceeded to trial. But then when we get to the jury instructions conference, everything goes awry, and the state is arguing, and the trial court is persuaded that that's a sentencing enhancement. And that's why we get these weird instructions that are given separately. But, again, I just want to, you know, bring this back to this is the first stage. And Mr. Kindle, to get his petition advanced to the second stage of proceedings, all we need is to elect a just and a plain. And he did that, where he elected appellate counsel and effective for failing to raise an issue regarding this next at the appellate court level. This was a significant issue, and it should have been addressed on appeal, especially in light of the fact that the offense where he did not receive a self-defense instruction, that's the offense he was found guilty on, and he was acquitted of the other charges. And where he was entitled to self-defense instruction on the attempted murder charges, he likewise would have been entitled to it on non-violence. So I understand it's a mess, but I can't explain what happened at the jury instructions conference in private. Everyone was under the impression it was simple. But it wasn't. Is your Honor's counsel, any more questions? I see none. Thank you, counsel. You'll have an opportunity again on rebuttal. Mr. Brooks. Ms. Brooks, maybe you can provide some clarification on the jury instructions issue. Thank you. May I identify myself for the record? My name is Allison K. Brooks, and I appear on behalf of the people of the Manhattan Court. The claim of ineffective assistance of public counsel raised in the post-conviction petition was probably severely dismissed as frivolous and patently without merit. And the state has established that it is not arguable, based on the chilling of prejudice in the petition, was not arguably meritorious, because it's not arguable that his conviction would have been reversed had the appellate counsel raised his argument on direct appeal. And I'll explain why. It's because, essentially, it's a fanciful implication of the defendant's argument that if this objection had been raised and sustained, that if this needed to be treated, like, as an element of the offense, and therefore would be instructed as part of the elements of the crime of the Section 33A-2 subsection C, so in other words, it would be, there would be all the elements of that offense, along with the proposition that the state may have to prove beyond a reasonable doubt that the offense was not justified in force used as part of the other element of that charge, that offense, which would be that he personally discharged a firearm resulting in the great crime of the crime of the individual. However, the fanciful part here is that he would not, according to the defense, apparently, if the state would not have instructed, the appellate would not have gotten instruction from the state on the Section 33A-2 subsection A, the offense in which he was convicted, which is a lesser-included crime. So, in other words, the only way that this plays out in the defendant's favor is if somehow he got the injury instruction he wanted, and the state, despite the claim of self-defense and discharging the firearm, somehow decided not to go with the offense, the lesser-included offense instruction, which their own tendered instructions already gave them, which is why he was convicted for lesser-included offense instruction, because once the jury said that what is considered to be this aggravating factor, the sense enhancement, it was not proven. Did you argue this was a lesser-included offense in your brief? In my brief? Yeah. I don't remember seeing that. Well, regardless, how can armed violence be a lesser-included offense of armed violence? That is something I have not heard of before. Okay. Well, he cannot be convicted of this offense unless it is a lesser-included offense of the one that was charged. Well, we've got one offense, armed violence, right? Exactly. Okay. What's the lesser-included offense of armed violence? Another way to charge armed violence? Is that a lesser-included offense? Right. Well, I understand this. I think I understand what you're getting at, Your Honor. Well, is there a case that says that? I'm not aware of it. Maybe this should go to second stage and we could look that up. Well, because there's still no arguably meritorious, and this is not conceded by the state. They say the state conceded this when I said the gist of their claim. I was trying to phrase their claim as the gist of the claim. I never conceded it was arguably meritorious. It has to be arguably meritorious to pass first-stage review, and I never conceded it was arguably meritorious. My point was it's not arguably meritorious that he would have gotten his conviction reversed if his appellate counsel had argued this issue on appeal. And that's why the first-stage decision should be affirmed. Walk us through that argument step-by-step. Right. He is convicted of a violation of Section 33A-2, subsection A, which has no use-of-force element. And why is he convicted of that? Because the state did not follow their own information and give a jury instruction in accordance with C instead of A. Right? I'm not sure if there is an IPI for subsection C. Well, maybe there's not an IPI. There's got to be an instruction if he's charged under subsection C. Someone cited the Nalin case, so we know you can charge it that way. And that's the way it was charged. You don't deny that, do you? I mean, you've read the information. Yes. He was charged with subsection C. And he gets convicted under subsection A only because the court instructs under subsection A instead of subsection C, which was how the state charged him. Is that right? And to follow that through to its logical conclusion, because the court gave the instruction under A instead of under C, therefore, he doesn't get the self-defense. And if he had got the self-defense because the court had given the instruction consistent with how the case was charged, it appears as though he would have got an NG because the jury said it was self-defense. In that, they did not find him guilty of unlawfully discharging a firearm that caused bodily harm. Is there a flaw in what I just said? They found him guilty of the offense of armed violence as they were instructed. The charge is not really relevant in terms of— They were instructed wrong is what I'm saying. Oh, okay. My point is that the offense as instructed, as found by the jury, the jury found him guilty of the violation of 33A-2, subsection A. That's what he was found guilty of. And if that is an included offense in the charge and all of the elements in here in the charge are contained in the subsection 33A-2, subsection A, those elements are contained within the charge. He can be properly convicted of that offense. Now, the question I think what Gerardo might be getting at is this is an offense like first-degree murder in which there is one offense of first-degree murder and it can be committed in multiple ways and there's also enhancements that have to apply, for example, like extended-term sentencing, brutally heinous and once in cruelly. That's a sentencing factor. That's a sentencing enhancement. There's only one offense of first-degree murder. It can be committed in multiple ways. So I'm not sure if there is an authority on the point of whether these subsections A, B, and C are separate offenses. It seems like the defense argument is that these are separate crimes. And if, I guess, the state is operating under the assumption that even if the defendant is correct that these are separate crimes, then subsection A is a separate crime. Why do you say they're separate crimes? Who argued that? It's just a different way to charge the same crime. The crimes aren't violence. There's three ways to charge it. The state picked a way. But then changed, after all the evidence is in, they changed the prosecution to a different part of armed violence. They wanted the jury instructed in a different way than how it was charged. Isn't that what happened here? The charge is, it encompasses all included offenses. Like an indictment for first-degree murder serves as an indictment for aggravated battery if it's an included offense. If that offense is before the court of law. Okay, so you're back to the included offense argument. You're saying that subsection A is a lesser included offense than subsection C. Is that what you're arguing? If it is a separate offense. Okay, did you argue that in your brief? Because to me, this is brand new. I might have missed it. I was operating under the assumption that the defendant was treating these as separate offenses because they're citing the elements of subsection C. And he stands convicted of a violation of subsection A. And the only way he could be convicted of subsection A is if it is a lesser included offense. Because you cannot be convicted of another offense that's not a lesser included offense of the crime that was charged. Well, I would say the only way he could be convicted under subsection A is if the trial court instructed the jury to determine whether or not he was guilty or not guilty under subsection A. Otherwise, subsection A is not in play here. Unless the trial court gives an instruction. The state's instruction was to follow and track subsection A of the armed violence statute. But that's not the way they charged it. That's not the way they even argued it. If you follow all through these proceedings until we get to the conference on what instructions are going to be given. So what happens is people's instruction 16, IPI 11.51Y, and people's instruction 17, IPI 11.52Y. That is subsection S33A-2, subsection A. That's what they were instructed on. And did defense counsel object to that instruction? My recollection of the transcript is at that time they were given without objection. But then later when they got to the defense's instructions, they wanted the self-defense language added to these instructions. In other words, they wanted the IPIs 11.51Y and 11.52Y to add an additional element that the defendant was not justified in the forced use. And the defense says that their argument was fully preserved. In a sense, I couldn't find the defense's actual instructions that they tendered. But what it seems what the defense here asked for in the trial court was just simply to add another element to these instructions, which would constitute a violation of 33A-2, subsection A, to add an additional element that the forced use was not justified. Except these particular instructions here have no element of the use of force. The only element of use of force would be in the offense enhancement instruction, which is the one that was given, the people's 27, IPI 28.04. Well, let me just assert or suggest this sequence. And you tell me if this is correct or incorrect. But as Justice Turner has pointed out, the state filed this case as a 2C armed violence offense, proceeded the trial, presented its case as a 2C armed violence offense. During the instructions conference, tendered a 2A instruction, which took out the discharge of a firearm. Defense counsel did not object to giving that instruction. Then later during the defendant's tender of instructions, tenders a self-defense instruction, but which then would be inappropriate to a 2A armed violence offense. Is that accurate? Well, the people's 28 was actually, I'm not sure that that came in after the defense attempts were concerned. People's 27? People's 28. I don't know what that is. People's instruction 27 is IPI criminal 28.04 that deals with the, you go on to determine whether the state is proving on a reason about the allegation that during the commission of the offense of attempted first degree murder of armed violence, the defendant personally discharged a firearm that possibly caused great violence on another person. So that was part of the people's instructions. They simply separated the allegation of personal discharge of a great violent harm out of the issue's instruction and treated it as a sentencing. Why? Why would that be? I mean, 33A2 is the elements of the offense, and that involves, if it's charged as an AC, an element of the offense is discharge of a firearm, isn't it? That would, in the reading of the statute, and according to this court's mail-in decision, this court treated it as an actual element of the offense, not as a sentencing. But the state, following the IPI instructions, arranged its instructions this way because this is what the IPI does. And if the IPI needs to be rearranged, that's a question for a different time and a different forum. And in this case, because he stands convicted of 33A-2 subsection A and not subsection C, then the question of how he should have been instructed on the charges of 33A-2C is moot. The appellate court's direct appeal, if he raised this on direct appeal, it would have been rejected as moot because he was not convicted of 33A-2 subsection C. He wasn't convicted of it. So, therefore, this court would have had no occasion on direct appeal to determine whether he was properly instructed of that offense because he wasn't convicted of that offense. It would have been purely hypothetical, and it would not have been a proper subject of an appellate decision. And so, because it would have been moot, and we'll see how, because the state attempted to prove that he personally discharged a firearm with very friendly harm, and he said, oh, I did that in self-defense, and now he's suddenly not guilty of armed violence at all? I mean, that's why on a direct appeal, standing convicted of 33A-2 subsection A, the appellate court would not have said, oh, yeah, he's entitled to an outright acquittal or a reversal or something because it's a self-defense instruction. It has to do with an allegation that was not proved. There was no way it could have been proved. The jury wasn't instructed on it. Sorry, the jury wasn't instructed on what? The subsection C, the way it was charged. The jury was not instructed. They instructed, and if trial counsel should have made an objection, then they're right. Appellate counsel should have argued that trial counsel made a mistake. And that's why it should go to second stage PC. That's what it seems like to me. I mean, I think it's pretty obvious that's the way it seems to me. Well, what I'm saying is the charge complies with Appendi and the statute on the charging of offenses. It describes all the elements. Then all the jury instructions contain all the elements of that crime. They're just not in the same instruction, but the jury's, in fact, under the Sixth Amendment, was tasked with deciding beyond a reasonable doubt whether it stayed approved, beyond a reasonable doubt, each element of this offense. Because it wasn't asked to do so in one instruction and was subject to one verdict form, instead, one of the elements was pulled out as a separate instruction, and they were given a separate verdict form. I'll tell you why that doesn't fly with me, and then you can respond. Because in the information, they clearly set forth that's charged under C, and here's why. Because that is a Class X felony that requires a 25 to 40-year sentence. Whereas if it's charged under A, it's 15 to 30. Yes. Okay. Well, I don't understand how you make your argument, given that fact that the state proceeded this way. It was the state's choice. Aren't they stuck with it? Can they change at the conference, jury instruction conference? They can change the way they charged it and go a different route, which then prohibited the defense from getting what had been promised, by the way, in the motion and limiting, that they could get a self-defense instruction. Okay. Well, I mean, they can if, like, if this was an armed robbery indictment and they went to the jury instruction and said, okay, we're going to be less included in defense, so just robbery, not armed robbery. They can do that, because it's an included defense. So the only way, Your Honor, if Substitution A is not an included defense, then the defense argument works. Because it's not an included defense, it wasn't before the court, but C, he was charged. Well, is it an included defense? I've asked that, I think, a third time now. Right. I don't think you said you know. Well, the personal discharge element encompasses the act of possession. You can't discharge a weapon you're not possessing. So, therefore, the factual statement of discharge encompasses Substitution A. So he's given notice that he has been charged with discharging a firearm while performing an act of knowingly possessing the canvass. That's what is in the charge. So he knows that the state is alleging that he possessed the weapon and discharged it, so that's essentially part of the same thing. Possession is encompassed in the discharge. Well, he discharged it, caused great redemption for somebody while possessing the canvass. That is the entire outline of the Substitution A offense. It is included. And that's why, if it's included, it's before the court, it's the proper subject of the jury instruction, and if that's all he's convicted of, then what if he was properly instructed under Substitution C is moot. And that's why if it was not, probably raised on appeal, because it would have been moot. I can't get past the fact that the state is arguing that improper instruction, if argued on appeal, would be moot. Too late in the day for me, I guess. I'm sorry. If it was armed robbery and robbery, and there was a problem... But it's not. It's armed violence. It's one offense. Right. But if it was armed robbery and robbery, and there was a problem with the jury instruction on whether he was armed, and he's only convicted of robbery, then the instruction under on burglary is moot. I mean, that's what I'm saying. This is a similar situation. And whether it's the same offense or not, they're separate offenses. They're all part of... I mean, essentially, it's a stronger case if it's just one offense. He's charged with armed violence. Then whether you prove one of the elements or not, he still committed the other elements, and that still constitutes violence in subsection A, and that's what he says. Even though that precludes him from going forward with his affirmative defense of self-defense. That doesn't make any difference either here. Well, subsection A has no use of force elements. But subsection C does it. Yes, it did. And that's why he got a self-defense instruction. Not for subsection C. He didn't get it for armed violence. He only got it for attempted murder. Right? Well, no. There's a general instruction on use of force. But technically, he should have gotten an instruction under C that specified it as an element that the state had approved. There's nothing technical about it. Under the attempt murder, you get unjustified. Meaning that self-defense is applicable. He didn't get that under armed violence. Should I answer the question now? Please. I'm out of time. Okay, thank you. I'm going to try to follow it up. My point was, yes, if it was charged as C, he should have been instructed as an element of the crime that the state had to disprove the justification defense. That's true. Thank you, Your Honors. Thank you, Counsel. Your Honors, I think there's two important points. One, I'd like to point out, the state is arguing, now, had this been raised on direct appeal, and had this happened, had this happened, would this conviction have been reversed? That's far afield from what we're doing at the appeal from a first-stage dismissal. This Court doesn't have to find that Mr. Kendall's conviction would have been reversed on appeal. This Court only has to find whether there was an arguable constitutional violation that he alleged in that pro se petition that he filed. We don't have to go all the way down the road and decide all the arguments that the state would have raised at the second and third stage for what defense would have countered with the dismissal of a first-stage petition. And the state's arguments might be appropriate for the second and third stage under the Post-Conviction Hearing Act, but they're not appropriate now. And my second point would be that the state never raised any arguments regarding a lesser-included offense in the briefing. And we argue that that is forfeited. Again, had Mr. Kendall's jury been given a proper armed violence instruction that included all of the elements of the armed violence statute under which he was charged, had it included all of the elements, and had he been given the requested self-defense instruction with that, had it incorporated self-defense, he likely would have been acquitted. He doesn't have to show that on appeal. But arguably, he was prejudiced by the Health Council's failure to raise this issue. If you look at pages R-985 to 989, it's where a relevant portion plays out during the jury conference, where counsel argues that the court has said it would allow self-defense. The trial court seems to have forgotten that it made that ruling. Counsel finally pleaded, and he argues for self-defense on the armed violence charge. The state argues on page 989 that discharge of a gun is not an element of armed violence and is a separate consideration. And the trial court denied the request based on the state's argument. So while I'm not clear whether counsel objected to the specific wording of the actual written instructions, it seems clear from the court's ruling that we're going with armed violence as one thing, discharge as a separate symptom enhancement. But again, these are all things that can play out at the second stage, which is what should have happened here. This position alleged a constitutional violation regarding the Health Council's failure to address the self-defense instruction on appeal. And it should have been raised at the second stage. There was no reason for it not to have been. I feel like we're honored to have the other questions. Mr. Fingal, we respectfully request that you reverse the mandate for the second stage of proceedings under the Self-Defense Act. And that this court either amend the amendments to show the correct citation or remand the instructions to the circuit court. Thank you, counsel. We'll take this matter under advisement. The recess is briefed.